

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 18, 1958

Honorable William A. Harrison
Commissioner of Insurance
State Board of Insurance
Austin 14, Texas

Opinion No. WW-455

Re: Travel expense for insur-
ance examiners from desig-
nated headquarters to Austin.

Dear Mr. Harrison:

You have requested the opinion of this office on the following questions:

1. Whether employees of the examination division of the State Board of Insurance with assigned and designated headquarters at either Dallas or Houston are entitled to receive from the State of Texas travel expense to and from and per diem allowance for time spent in Austin on special work.

2. Whether new employees of the examination division who were hired after September 1, 1957, are entitled to travel expenses to and from Austin from their designated headquarters and per diem allowance for time spent in Austin while conducting special annual statement work.

You have advised us that the facts pertinent to this matter are as follows:

Prior to the last session of the Texas Legislature the designated headquarters of examiners for the State Board of Insurance was in Austin, Texas. At that time an examiner who conducted an examination of an insurance company in some city other than Austin received travel expenses for each day he was away from his designated headquarters at Austin.

The 55th Legislature, Regular Session, in the General Appropriation Bill, House Bill 133, Chapter 385, page 1012, required that examiners for the State Board of Insurance be

assigned a designated headquarters at some point in the State so as to require the smallest number of days of travel spent in the conduct of their official business. The language of that provision is as follows:

"None of the moneys appropriated above to the Board of Insurance Commissioners may be expended for the travel expense of employees of the Examination Division unless and until the Board of Insurance Commissioners has complied with the following requirements:

"a. Has stationed such traveling employees at points within the State which will require only the smallest number of days of travel at State's expense in the conduct of their official duties.

"b. In the event that an employees' headquarters of work and place of residence are at different points, no per diem shall be allowed at either point regardless of duties performed.

"c. Has filed with the Comptroller on or before September 1, 1957, a statement giving the designated headquarters, place of residence, and reason for stationing each employee at the place designated as headquarters by the Board. The reason for stationing must clearly show that the stationing requirements specified in paragraphs a and b above have been complied with. Such requirements must also be complied with when designated headquarters are changed from one point to another."

Section 29, paragraph d, of the general provisions relating to travel regulation in the appropriation bill, and appearing at page 1153 of the Session Laws of the 55th Legislature, Regular Session, provides as follows:

"d. None of the funds appropriated for travel in this Act shall be used to reimburse employees for traveling expenses while at their designated headquarters . . . 'Designated Headquarters' means the area within the corporate limits of the city or town in which an employee is required to maintain his official headquarters. At a place not within the corporate limits of a city or town, his 'designated headquarters' means the area within a five-

mile radius of the place at which he is required to
maintain his official headquarters."

You have further advised us that on or before September 1, 1957, the State Board of Insurance filed with the Comptroller a statement giving the designated headquarters, place of residence and reason for stationing each employee at the place designated as his headquarters. The examination division was divided into the North Texas, Central Texas and South Texas examination units with Dallas, Austin and Houston being the designated headquarters for each unit, respectively. Each of the examiners was assigned to one of these three units.

While reviewing annual statements of companies which were filed on December 31, 1957, it became necessary for you to call in examiners from the Dallas and Houston headquarters to adequately process and review the statements. Therefore, employees of the examination division were required to travel to Austin and spent several weeks checking, reviewing and processing such statements. The designated headquarters for these employees remained at either Dallas or Houston, and their work in Austin was temporary and on an emergency basis.

The question of designating a particular station or headquarters for employees addresses itself primarily to the discretion of the department head of the agency involved. Attorney General's Opinions O-3008 and S-21. The authority of a State agency or department to station an employee at any place within the State which will result in the most effective performance of his work and will require the least amount of travel at State expense is expressly passed upon in Attorney General's Opinion O-421. In that Opinion it was held that an employee of the Liquor Control Board could be stationed at Fort Worth or elsewhere in the State, and that his supervisor had the authority to require his presence in Austin for special work. It was therein stated that "such powers would have to be implied to enable the Board and its organization to function".

It is our view that employees of the examination division of the State Board of Insurance with designated headquarters at either Dallas or Houston are entitled to receive from the State of Texas travel expense to and from and per diem allowance for time spent in Austin while engaged in the performance of the special work for which they were summoned

to Austin.

As to the second question, you have advised us that the new employees of the examination division were employed after September 1, 1957, and that immediately upon hiring these additional examiners they were assigned a designated headquarters in either Austin, Dallas or Houston, depending upon where additional examiners were needed, and the designation of their headquarters was filed with the Comptroller in compliance with the statutory requirement.

We are of the opinion that since it was impossible to file a designation of headquarters with the Comptroller on or before September 1, 1957, for these new employees, the requirement has been met by filing such designation immediately upon the employment of the new examiners. We are of the further opinion that the new examiners are in the same position as the examiners who were employed prior to September 1, 1957, and as such, these new employees of the examination division of the State Board of Insurance are entitled to travel expense to and from Austin from their designated headquarters and per diem allowance for time spent in Austin while conducting special annual statement work.

## SUMMARY

Employees of the examination division of the State Board of Insurance with designated headquarters in either Dallas or Houston and who were employees prior to September 1, 1957, and for whom a statement of the designated headquarters for such employees was filed with the Comptroller by September 1, 1957, are entitled to receive from the State of Texas travel expenses to and from and per diem allowance for time spent in Austin on special annual statement work. Employees of the examination division of the State Board of Insurance who were employed after September 1, 1957, and for

whom a statement of designation of head-
quarters has been filed with the Comp-
troller, are entitled to receive travel
expense to and from Austin from their
designated headquarters and per diem
allowance for time spent in Austin while
conducting special annual statement work.

Yours very truly,

WILL WILSON
Attorney General of Texas

By B. H. Timmins, Jr.
Assistant

BHT:jl

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Marietta Payne

Leonard Passmore

Wayland C. Rivers, Jr.

Henry G. Braswell

REVIEWED FOR THE ATTORNEY GENERAL
BY:

W. V. Geppert